## BISHOP v. GLASSEN.

### No. 9621; October 23, 1886.

#### 12 Pac. 258.

Public Lands—Homestead.—Public Lands of the United States, in the Actual Occupation and exclusive possession of one party, are not subject to pre-emption or homestead settlement by another.

Appeal—Rehearing.—Where, on the Hearing in the Supreme Court, There is No Appearance for the appellant, and the judgment is affirmed, such judgment will not be vacated, for the purpose of another hearing, though a sufficient and good showing be made concerning such nonappearance, so as to authorize the court to do so, if it appears that it would be useless to do so for the reason that, upon another hearing, a like judgment must follow.

APPEAL from Superior Court, County of Contra Costa.

Ejectment. The complaint alleged, and the court found, that plaintiff had been in the peaceable possession of surveyed United States lands which were open to pre-emption; that while in such possession and the actual occupation of such lands defendant forcibly ejected plaintiff from said land, and took, and continued to the time of the action to hold, said lands unlawfully from defendant. Defendant in his answer claimed to have entered on said lands as a homestead pre-emptor, and that, after his entry, he had tendered to the United States land officer his claim for the same, together with the necessary fees, which, however, such officer had refused. The court found that such land at the time defendant entered was in the actual occupation and exclusive possession of plaintiff, and therefore not then subject to pre-

emption or homestead settlement. Judgment went for plaintiff. Defendant appealed. At the time for hearing in the supreme court the appellant failed to appear. The supreme court affirmed the judgment, as appears below, and the appellant then made a showing of the absence of his attorney from the state as ground for his nonappearance.

B. B. Newman for defendant and appellant; Mills & Jones for defendant and respondent.

By the COURT.—We have examined the transcript herein, and are of opinion that this case must be governed by the rulings of this court in Davis v. Scott, 56 Cal. 165, Hosmer v. Duggan, 56 Cal. 258, and McBrown v. Morris, 59 Cal. 64. This must result in an affirmance of the judgment. Conceding that the showing is sufficient to authorize the court to grant the motion here made, and vacate the judgment of affirmance heretofore rendered, it would be useless to do so where, upon the hearing, the like judgment must follow. The motion is therefore denied: Estate of Montgomery, 59 Cal. 584. Ordered accordingly.